UNITED STATES DISTRICT COURT

MIDDLE DISTRICT OF LOUISIANA

MARIA HERNANDEZ

VERSUS

WAL-MART STORES, INC.

CIVIL ACTION

NUMBER 09-464-JVP-SCR

**RULING ON MOTION FOR LEAVE TO FILE AMENDED COMPLAINT**
**and**
**ORDER STRIKING AMENDED COMPLAINT**

Without filing a motion for leave, the plaintiff filed an Amended Complaint substituting Wal-Mart Louisiana, LLC as the defendant in place of defendant Wal-Mart Stores, Inc.  Record document number 8.  The court will consider the filing itself as a motion for leave to file an amended complaint.

The case was removed from state court based on diversity jurisdiction under 28 U.S.C. § 1332.  The Amended Complaint alleged that Wal-Mart Louisiana, LLC is "a foreign company, authorized to do an actually doing business in the Parish of East Baton Rouge, State of Louisiana..."

This issue was addressed in the Scheduling Order.[1]  The Scheduling Order stated, in relevant part:

> Plaintiff will move to file an amended complaint to substitute Wal-Mart Louisiana, LLC as the correct defendant.  Counsel for the defendant will provide the information needed to properly allege the citizenship of Wal-Mart Louisiana, LLC.[1.]

---

[1] Record document number 5.

[1] Under § 1332(c)(1) a corporation is deemed to be a citizen of any state in which it is incorporated, and of the state in which it has its principal place of business. For purposes of diversity, the citizenship of a limited liability company is determined by considering the citizenship of all its members. *Harvey v. Grey Wolf Drilling Co.*, 542 F.3d 1077, 1080 (5th Cir. 2008); *Carden v. Arkoma Associates*, 494 U.S. 185, 110 S.Ct. 1015, 1021 (1990). Thus, to properly allege the citizenship of a limited liability company, the removing defendants must identify each of the members of a limited liability company, and the citizenship of each member in accordance with the requirements of § 1332(a) and (c). The same requirement applies to any member of a limited liability company which is also a limited liability company. *Turner Bros. Crane and Rigging, LLC v. Kingboard Chemical Holding Ltd.*, 2007 WL 2848154 (M.D.La. Sept. 24, 2007)(when partners or members are themselves entities or associations, citizenship must be traced through however many layers of members or partners there are).

Plaintiff's Amended Complaint fails to properly allege the citizenship of Wal-Mart Louisiana, LLC.[2] It does not identify the members of Wal-Mart Louisiana, LLC, nor does it allege the states of which the members are citizens, as required by § 1332. Absent this information, the plaintiff's Amended Complaint does not show that permitting substitution of Wal-Mart Louisiana, LLC as the defendant will not deprive the court of subject matter

---

[2] The necessary information is readily available from counsel for the defendant, who agreed at the status conference to provide it to counsel for the plaintiff. It is also available from the more recent cases against Wal-Mart Louisiana, LLC. *See*, e.g. *Helen Lear v. Wal-Mart Louisiana, LLC*, CV 08-585-SCR, record document number 1, Notice of Removal, ¶ 8.

jurisdiction.[3]

Accordingly, the plaintiff's motion for leave to file an amended complaint is denied.

Furthermore;

IT IS ORDERED that the plaintiff's Amended Complaint filed December 1, 2009, is stricken.

Baton Rouge, Louisiana, December 2, 2009.

*signature*
STEPHEN C. RIEDLINGER
UNITED STATES MAGISTRATE JUDGE

---

[3] *See* 28 U.S.C. § 1447(e)("If after removal the plaintiff seeks to join additional defendants whose joinder would destroy subject matter jurisdiction, the court may deny joinder, or permit joinder and remand the action to the State court.")  That the undersigned magistrate judge knows from the allegations in other cases that joinder of Wal-Mart Louisiana, LLC in this case would not destroy subject matter jurisdiction does not relieve the plaintiff of actually making the necessary allegations in this case.